IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN CONLEY,

          Petitioner,             No. CIV S-11-0126 LKK DAD P

    vs.

L.S. McEWEN,                 <u>ORDER AND</u>

          Respondents.       <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

          The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  <u>See</u> 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel.  <u>See</u> 28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion

_____

[1] A petition may be denied on the merits without exhaustion of state court remedies.  <u>See</u> 28 U.S.C. § 2254(b)(2).

1  requirement by fairly presenting to the highest state court all federal claims before presenting

2  them to the federal court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor,

3  404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp,

4  768 F.2d 1083, 1086 (9th Cir. 1986).

5          After reviewing the petition for habeas corpus filed in this case, the court finds

6  that petitioner has failed to exhaust state court remedies.  Petitioner is proceeding with two

7  claims for federal habeas relief:  (1) the imposition of an upper term sentence violated his Sixth

8  Amendment right to a jury trial, and (2) his conviction on multiple counts for the same offense

9  violates the double jeopardy clause of the Fifth Amendment.  Petitioner indicates that he raised

10  his claim concerning the imposition of the upper term sentence in a habeas petition he filed with

11  the Sacramento County Superior Court and that he raised an ineffective assistance of counsel

12  claim in his habeas petition filed with the California Court of Appeal for the Third Appellate

13  District.  However, petitioner has not alleged, nor is there any indication that, the claims raised in

14  this federal habeas petition have been presented by petitioner to the California Supreme Court.

15  Accordingly, the pending federal habeas petition should be dismissed without prejudice.[2]

16          Good cause appearing, IT IS HEREBY ORDERED that:

17          1.  Petitioner is granted leave to proceed in forma pauperis;

18          2.  The Clerk of the Court is directed to serve a copy of these findings and

19  recommendations together with a copy of the petition filed in the instant case on the Attorney

20  General of the State of California; and

21          IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

22  habeas corpus be dismissed for failure to exhaust state remedies.

23

24  [2] Petitioner is cautioned that the federal habeas corpus statute imposes a one year statute
   of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the
25  one year period will start to run on the date on which the state court judgment became final by
   the conclusion of direct review or the expiration of time for seeking direct review, although the
26  statute of limitations is tolled while a properly filed application for state post-conviction or other
   collateral review is pending.  See 28 U.S.C. § 2244(d).

1    These findings and recommendations will be submitted to the United States

2 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

3 twenty-one days after being served with these findings and recommendations, petitioner may file

4 written objections with the court.  The document should be captioned "Objections to Findings

5 and Recommendations."  Petitioner is advised that failure to file objections within the specified

6 time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d

7 1153 (9th Cir. 1991).

8 DATED: October 7, 2011.

9

10                                        _____

11                                        DALE A. DROZD
                                         UNITED STATES MAGISTRATE JUDGE

12 DAD:4
   conl0126.fte

13

14

15

16

17

18

19

20

21

22

23

24

25

26