IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHAWN CONLEY,

    Petitioner,                      No. 2:11-cv-0126 LKK-DAD P

    vs.

L.S. McEWEN,                         <u>ORDER AND</u>

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2003 judgement of conviction entered against him in the Sacramento County Superior Court on three counts of robbery in the second degree, six counts of assault with a firearm, six counts of false imprisonment, one count of vehicle theft and various sentencing enhancements. Before the court is respondent's motion to dismiss the pending federal habeas petition on the ground that it was filed beyond the applicable one-year statute of limitations. Petitioner has filed an opposition to the motion and respondent has filed a reply.

**BACKGROUND**

        On February 18, 2003, following a jury trial, petitioner was convicted of the offenses noted above and was sentenced to a determinate prison term of thirty-one years and four

1

1  months.  (Lod. Doc. No. 1.)  On March 29, 2005, the California Court of Appeal for the Third
2  Appellate District affirmed that judgment of conviction.  (Lod. Doc. 2.)
3         On April 28, 2005, petitioner filed a petition for review with the California
4  Supreme Court.  (Lod. Doc. 3.)  On June 8, 2005, the petition for review was denied by the
5  California Supreme Court "without prejudice to any relief to which defendant might be entitled
6  after this court determines in *People v. Black*, S126182, and *People v. Towne*, S125677, the
7  effect of *Blakely v. Washington* (2004) __ U.S. __, 124 S.Ct. 2531, on California law."  (Lod. Doc.
8  4.)
9         On or about October 23, 2007, petitioner's appellate counsel filed a motion to
10 recall the remittitur with the California Court of Appeal for the Third Appellate District.  (Doc.
11 No. 17 at 12.)  On October 30, 2007, that motion was denied.  (Id. at 23.)  Thereafter, petitioner
12 filed three habeas petitions in state court.  First, On March 31, 2008, petitioner signed a habeas
13 petition that he filed with the Sacramento County Superior Court.[1]  (Lod. Doc. 5.)  On May 28,
14 2008, that petition was denied on the merits.  (Lod. Doc. 6.)  Second, on June 25, 2008,
15 petitioner signed a habeas petition that he filed with the California Court of Appeal for the Third
16 Appellate District.  (Lod. Doc. 7.)  On July 3, 2008, that petition was summarily denied.  (Lod.
17 Doc. 8.)  Third, on April 22, 2009, petitioner signed a habeas petition that he filed with the
18 California Supreme Court.  (Doc. No. 9.)  On October 14, 2009, that petition was denied with a
19 citation to the decision in People v. Duvall, 9 Cal. 4th 464, 474 (1995).  (Doc. No. 10.)
20        The federal habeas petition now pending before this court was signed by petitioner
21 on January 5, 2011.  (Doc. No. 1 at 14.)
22 /////

---

[1] The court applies the mailbox rule in determining the date of filing of petitioner's state and federal habeas petitions.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).  Under the mailbox rule, the Court deems petitions filed on the date the petitioner presumably handed her petition to prison authorities for mailing or the date the petition in question was signed by the petitioner.

## PARTIES' ARGUMENTS

**I. Respondent's Motion to Dismiss**

Respondent contends that petitioner's judgment of conviction became final on September 6, 2005 when the ninety-days to file a petition for writ of certiorari with the U.S. Supreme Court expired. (Doc. No. 14 at 3.) Respondent argues that the one-year statute of limitations for the filing of a federal habeas petition therefore began to run on September 7, 2005 and the last day for petitioner to file an application for federal habeas relief was September 6, 2006, plus any time for tolling. (Id.)

Because petitioner did not file his state habeas petitions during the one-year limitation period for the filing of his federal petition (September 7, 2005 to September 6, 2006), respondent argues that there is no tolling of the limitations period under 28 U.S.C. § 2244(d)(2). (Id.) In addition, respondent argues that the federal habeas petition before the court was filed over four years after the statute of limitations for doing so had expired. (Id.) Because the state habeas petitions were filed after the statute of limitations for the filing of a federal petition had expired, they do not operate so as to toll that statute of limitations and cannot save petitioner's present claims from being time-barred. (Id. at 4.)

**II. Petitioner's Opposition**

Petitioner argues that he is entitled to both statutory and equitable tolling and "to a later triggering date" with respect to the applicable statute of limitations for the following reasons. (Doc. No. 17 at 1.)

Petitioner contends that he never received the June 8, 2005 decision by the California Supreme Court denying his petition for review. (Doc. No. 17 at 2.) According to petitioner, from May 2004 to October 2008, he was incarcerated at the Sacramento County Main Jail and has attempted, unsuccessfully, to obtain the relevant mail logs from the Jail. (Id. at 2.)

Petitioner states that from July 15, 2004 through December of 2004, he "made several attempts, in writing and by phone" to contact his appellate counsel regarding the status of

3

his direct appeal. (Id.) Petitioner represents that on August 5, 2007, he contacted the Central California Appellate Program (CCAP) to obtain their assistance in inquiring about the status of his direct appeal. (Id.) According to petitioner, his letter to CCAP was forwarded to his appointed appellate counsel. (Id. at 10.) Petitioner claims that on August 29, 2007, he received a letter from his appointed appellate counsel. (Id. at 2 & 25.) In that letter his appellate counsel apologized for the "gap in communication" and advised petitioner that she was assessing what action to take in light of the California Supreme Court decisions concerning Blakely v. Washington, 542 U.S. 296 (2004). (Id. at 2-3 & 25.) However, petitioner states that he had no other communication from his appellate counsel until she assisted with the filing of his state habeas petition with Sacramento County Superior Court on March 31, 2008. (Id. at 3.)

Petitioner contends that he has been diligent in filing his federal habeas petition "in the face of these impediments" and being "challenged by the hardships of being incarcerated, where he was required to seek the assistance of other inmates to assist him in the litigation in the Courts." (Id. at 5-6.)

Petitioner also argues that this court must hold an evidentiary hearing to determine whether equitable tolling is appropriate for the period between the denial of his petition for review by the California Supreme Court and the date he received notice of that denial. (Id. at 6-7.) Petitioner cites the decision in Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009), in arguing that there the court held that equitable tolling is appropriate if a prisoner lacks knowledge that the state court has reached a final resolution of his state petition. (Id. at 7.) Here, petitioner argues that an evidentiary hearing is needed to make the following "factual determinations": (1) the date petitioner "actually received the notice from the California Supreme Court", (2) whether and when the California Supreme Court sent its decision to petitioner, (3) whether petitioner was diligent in obtaining the notice, and (4) "[w]hether the alleged delay of the notice caused the untimeliness of his filing and made a filing impossible." (Id. at 7-8.)

### III. Respondent's Reply

In reply, respondent contends that petitioner has failed to come forward with any proof that he attempted to contact his appellate attorney in 2004 to learn the status of his state appeal and that, in any event the four-month time period during 2004 when petitioner claims to have done so was before the statute of limitations for his filing of a federal habeas petition began to run. (Doc. No. 20 at 3.)

Respondent also argues that petitioner has failed to demonstrate that he acted diligently in pursuing his remedies. (Id.) Respondent points out that petitioner has failed to explain why it took him over two years to contact CCAP (from December 2004 until August 5, 2007). (Id. at 4.) In addition, respondent points out, that by the time petitioner contacted CCAP, the limitations period for his filing of a federal habeas petition had already expired and cannot "be revived by diligent efforts that came too late." (Id.)

Next, respondent argues that under petitioner's best case scenario, even if he did not learn of the factual predicate for his habeas claims until October 30, 2007 (the date his motion to recall the remittitur was denied by the state appellate court), he would had until October 30, 2008 to file his federal habeas petition. (Id.) Respondent contends that even with tolling of the federal statute of limitations for the time petitioner's state habeas petitions were pending before the Sacramento County Superior Court and California Court of Appeal, the limitations period for the filing of a federal petition would have expired on February 2, 2009. Respondent notes , however, that petitioner then delayed 293 days before filing a habeas petition with the California Supreme Court, and waited another 448 days after the California Supreme Court's denied that petition before filing the pending federal petition. (Id. at 4-5.)

Finally, respondent argues that an evidentiary hearing is not appropriate or necessary here because there are multiple gaps in time demonstrating that equitable tolling is not appropriate in this case and that petitioner's federal petition is time-barred. (Id. at 5.)

/////

**ANALYSIS**

**I. The AEDPA Statute of Limitations**

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

**II. Application of § 2244(d)(1)**

Petitioner argues that he is entitled to a delayed start date for the running of the one year statute of limitations under the AEDPA because of impediments he encountered in pursuing habeas relief. Specifically, petitioner describes those impediments as the lack of notice from the California Supreme Court of the denial of his petition for review and his appellate

6

counsel's failure to advise petitioner regarding the status of his direct appeal.  For purposes of tolling the AEDPA statute of limitations, however, such an argument may prevail only when (1) the state has created an impediment to seeking federal habeas relief that also violates the U.S. Constitution or other federal law, and (2) that impediment actually prevented the prisoner from filing a federal habeas petition.  28 U.S.C. § 2244(d)(1)(B).  As the Ninth Circuit has recognized, "[t]he limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials."  Shannon v. Newland, 410 F.3d 1083, 1087 (9th Cir. 2005). Here, there was no such impediment caused by a state official.  In addition, petitioner has not shown a causal connection between the impediments he allegedly encountered and his failure to file a timely federal habeas petition.  See Randle v. Crawford, 604 F.3d 1047, 1055 (9th Cir.), cert. denied sub nom Randle v. Skolnik, __ U.S. __, 131 S. Ct. 474 (2010) ("Randle has not suggested any such causal connection between his state-appointed counsel's failure to perfect a direct appeal timely and his own failure to file his federal habeas petition timely.  He alleges only that his counsel's failure to file a timely notice of appeal denied him his right to *direct appeal*, not that it prevented him from filing a federal habeas petition."); Bell v. Fakhoury, No. CV 10-9767-SJO (E), 2011 WL 3809889 (C.D. Cal. May 4, 2011), findings and recommendations adopted by 2011 WL 3810263, at *3 (C.D. Cal. Aug. 24, 2011) (concluding that 2244(d)(1)(B) was not applicable because the petitioner did not show that her counsel acted on behalf of the state and " failed to prove that her appellate attorney's alleged failure to inform Petitioner that she could file an appeal prevented Petitioner from filing a timely federal habeas petition.").  For these reasons, the court finds that § 2244(d)(1)(B) is inapplicable in this case and that petitioner is not entitled to delayed commencement of the statute of limitations for the filing of a federal habeas petition.

    In this case petitioner's judgment of conviction became final on September 7, 2005, ninety days after the California Supreme Court denied his petition for review.  See

Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The statute of limitations for the filing of a federal habeas petition began to run on September 8, 2005 and expired one year later on September 7, 2006.  Petitioner did not file his federal habeas petition in this case until January 5, 2011, more than four years after the statute of limitations for doing so had expired.

**II. Equitable Tolling/Unexplained Delay**

The record before the court establishes that for two years after his judgment of conviction became final, petitioner did not pursue any post-conviction relief of any kind until he filed a motion to recall the remittitur with the California Court of Appeal on or about October 23, 2007.  That motion to recall the remittitur was filed after the statute of limitations for the seeking of federal habeas relief had expired.  Recognizing this fact, petitioner argues that he is entitled to equitable tolling of the AEDPA statute of limitations and to an evidentiary hearing so that he can establish facts in support of that claim.

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, ___, 130 S. Ct. 2549, 2560 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir. 2011); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).[2]  Indeed, because § 2244(d) is not jurisdictional, it is "subject to a 'rebuttable presumption' in favor of 'equitable tolling'" Holland, 130 S. Ct. at 2560 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)).  See also Lee v. Lampert, 653 F.3d 929, 933 (9th Cir. 2011) (en banc).

However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

[2] The Ninth Circuit had previously so held.  See Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009); Calderon v. U.S. District Court for the Central District of California (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc).

stood in his way' and prevented timely filing." Holland 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).³ See also See also Doe, 661 F.3d at 1011; Lakey, 633 F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003). Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. See Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (The petitioner must show that "the extraordinary circumstances made it impossible to file the petition on time."); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). To meet this standard a petitioner must demonstrate that some extraordinary circumstance stood in his way of filing a timely federal habeas petition and that any such extraordinary circumstance was the cause of his late-filed petition. See Lakey, 633 F.3d at 786; Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001). It is the petitioner who bears the burden of demonstrating the existence of grounds for equitable tolling. See Pace, 544 U.S. at 418; Doe, 661 F.3d at 1011; Roberts v. Marshall, 627 F.3d 768, 772 (9th Cir. 2010); Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998). See also Lakey, 633 F.3d at 786 ("The high threshold of extraordinary circumstances is necessary 'lest the exceptions swallow the rule.'"); Porter, 620 F.3d at 959; Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("[T]he threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exception swallow the rule.");

---

³ "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Holland v. Florida, __ U.S. __, ___, 130 S. Ct. 2549, 2565 (2010).

1  Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as
2  setting a "high hurdle" to the application of equitable tolling).  To this end, "the circumstances of
3  a case must be 'extraordinary' before equitable tolling can be applied[.]"  Holland, 130 S. Ct. at
4  2564.  Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a
5  particular case."  Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v.
6  Johnson, 174 F.3d 710, 713 (5th Cir. 1999)).  See also Holland, 130 S. Ct. at 2565 (leaving "to
7  the Court of Appeals to determine whether the facts in this record entitle Holland to equitable
8  tolling, or whether further proceedings, including an evidentiary hearing, might indicate that
9  respondent should prevail"); Doe, 661 F.3d at 1012.

10      Here, the court finds, however, that even assuming petitioner were found to be
11  entitled to equitable tolling of the AEDPA statute of limitations from September 7, 2005 to
12  October 23, 2007 (i.e. from the day the federal statute of limitations began to run until the day
13  petitioner's motion to recall the remittitur was denied by the California Court of Appeal), his
14  federal habeas petition would still be untimely.  The court reaches this conclusion based upon the
15  lengthy gaps between petitioner's state and federal habeas filings which, when combined, far
16  exceed 365 days.  In this regard, after the California Court of Appeal denied petitioner's habeas
17  petition, the record reflects that he waited 292 days (from July 4, 2008 to April 22, 2009) before
18  filing his next habeas petition with the California Supreme Court.  In addition, after the
19  California Supreme Court denied him habeas relief, petitioner waited another 447 days (from
20  October 14, 2009 to January 5, 2011) before filing his pending federal habeas petition.  Petitioner
21  asserts that he acted diligently in attempting to contact his appellate counsel and in attempting to
22  determine the status of his direct appeal from 2004 to 2007.  However, he has come forward with
23  no explanation or proffer concerning these lengthy periods of time between his attempts to seek
24  habeas relief.  See White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010) ("Such delay does not
25  demonstrate the diligence required for application of equitable tolling.") Accordingly, the court
26  concludes that petitioner has not made the requisite showing of diligence to warrant equitable

10

tolling of the statute of limitations.

For the reasons set forth above, the court will recommend that respondent's motion to dismiss be granted and that petitioner's request for an evidentiary hearing be denied.

**III. Other Matters**

On June 4, 2012, petitioner filed his second motion for an extension of time to file a reply to respondent's reply. (Doc. No. 23.) Therein, petitioner explained that he was attempting to obtain copies of "log sheets for incoming/outgoing Legal Mail from Sacramento County Main Jail" where he was incarcerated from May 2004 to October 2008. (Doc. No. 23 at 3; Doc. No. 17 at 2.) On May 31, 2012, the court denied petitioner's first request for an extension of time, explaining that the Federal Rules of Civil Procedure do not provide for the filing of a response to a reply, and because "the court is not persuaded that the legal mail log petitioner seeks from the Sacramento County Main Jail to include in his proposed response would be either critical or helpful to the court in resolving respondent's pending motion to dismiss." (Doc. No. 22 at 1.)

For those same reasons, petitioner's second motion seeking an extension of time to file an unauthorized response to respondent's reply will be denied.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that petitioner's June 4, 2012 motion to extend time to file a reply (Doc. No. 23) is denied.

Also, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 18, 2012 motion to dismiss the pending petition for writ of habeas corpus on the ground that it was filed beyond the applicable one-year statute of limitations (Doc. No. 14) be granted;

2. Petitioner's March 2, 2012 request for an evidentiary hearing, submitted with his opposition to the motion to dismiss (Doc. No. 17), be denied; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2012.

              /s/ Dale A. Drozd
              DALE A. DROZD
              UNITED STATES MAGISTRATE JUDGE

DAD:4
conl0126.mtd